UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KWUHNXWA AMLA BENESI-GRIFFIN, also
known as SABRINA BELINDA REID,

                     Plaintiff,[1]            **MEMORANDUM AND ORDER**
                                                      23-CV-07631 (OEM) (MMH)

          -against-

CITY OF NEW YORK, QUEENS COUNTY;
QUEENS D.A.; QUEENS CRIMINAL COURT;
QUEENS FAMILY COURT,

                     Defendants.
------------------------------------------------------------------x

**ORELIA E. MERCHANT, United States District Judge:**

        Plaintiff KwUhnxwa Amla Benesi-Griffin, also known as Sabrina Belinda Reid brings the instant *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted. For the reasons discussed below, the action is dismissed. Plaintiff is, however, granted thirty days from the date of this order to submit an amended complaint.

### BACKGROUND

        The gravamen of Plaintiff's complaint is difficult to discern. In lieu of a detailed complaint, Plaintiff suggests that the Court should parse through nearly 300 pages of exhibits to determine the parameters of her claims. *See, e.g.*, Plaintiff's Complaint, ECF 1 ("Compl.") at 5 (answering "Where did the events giving rise to your claim(s) occur?" with "Please see attachments. 8yrs long"). This strategy does not comport with Fed. R. Civ. Pro. Rule 8(d)(1)'s requirement that

---

[1] Plaintiff has attached a copy of her social security card with her complete social security number visible. *See* Compl. Exhibit 1, ECF No. 1-1 at 21. The Clerk of Court is directed to redact the information in accordance with Rule 5.2 of the Federal Rules of Civil Procedure.

"Each allegation must be simple, concise, and direct." *See Grant v. Glen Cove P.D.*, 18-cv-3094 at *2 n.1 (E.D.N.Y. Oct. 11, 2018) ("[I]t is improper to attach exhibits to the Complaint and to simply refer the Court to such exhibits to discern the claims Plaintiff seeks to pursue."). Nevertheless, the Court has attempted to make out Plaintiff's claims and interpret her allegations in the light most favorable to Plaintiff.

Plaintiff's statement of claim asserts that she was in a "12 yr bad relationship" and that her former partner "molested whole family, family, friends everywhere in everything. Destroyed tax biz. 5 death attemps [sic] … Barbarians." Compl. at 5. Plaintiff further asserts that she was falsely arrested by the Queens District Attorney two times and held for 20 hours each. *Id.* at 4. Plaintiff does not properly identify the relief that she seeks from the Court. *Id.* at 6.

## STANDARD OF REVIEW

28 U.S.C. § 1915 allows a litigant to pursue a claim in federal court "without prepayment of fees or security" so long as they "submit[] an affidavit" that establishes "that the person is unable to pay such fees." 28 U.S.C. § 1915(a).[2] However, in exchange for the privilege of maintaining an action without payment and to avoid abuse of the judicial system, § 1915(e) provides a mechanism for the Court to initially review the complaint prior to the issuance of a summons and the commencement of the adversarial process. *See Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam) ("[W]e are not unmindful of the mounting concern over the ever-increasing caseload burdening the federal courts, and the growing view that judges must be alert to prevent the dissipation of limited judicial resources on claims that are frivolous or are brought in bad faith.").

---

[2] 28 U.S.C. § 1915 also contains additional requirements and provisions for incarcerated litigants seeking *in forma pauperis* status which do not apply here. *See, e.g., id.* at (a)(2), (b); § 1915A.

Thus, the Court's duty at this stage involves two "distinct" tasks: (1) reviewing the plaintiff's affidavit and assessing their inability to pay the filing fee,[3] and (2) reviewing the complaint on the merits. *See id*. ("The statutory scheme recognizes, however, that whether a plaintiff qualifies for *in forma pauperis* status and whether his claims have merit present two distinct issues.").

As to whether Plaintiff qualifies for *in forma pauperis* status, that "decision . . . is left to the District Court's discretion[.]" *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002). "The Supreme Court has long held that 'an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life.'" *Brooks v. Aiden 0821 Cap. LLC*, No. 19-CV-6823 (GRB)(AYS), 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020) (quoting *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948)) (internal quotation marks omitted). "Section 1915(a) does not require a litigant to demonstrate absolute destitution; no party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life." *Potnick*, 701 F.2d at 244.

At the initial review of the complaint, a district court "shall" dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In practice, "[t]he standard for dismissal of an action or appeal taken in forma pauperis is identical to the standard for dismissal on a motion made pursuant to Fed. R. Civ. P. 12(b)(6)." *Fridman*, 195 F. Supp. 2d at 538. That is, the complaint must survive the *Iqbal-*

---

[3] As of the date of this order, the current filing fee for civil cases in this district is $402.00. *See* Court Fees, Eastern District of New York, *available at* https://perma.cc/9Z9L-TNZG.

*Twombly* pleading standard and "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyer."). Nonetheless, a pro se plaintiff must "still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005).

## DISCUSSION

### 1. Plaintiff's Section 1983 Claims

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

      A.      **Plaintiff's Claim Against the Queens County District Attorney's Office**

A district attorney's office is not a suable entity. *See, e.g., Barreto v. Cty. of Suffolk*, 455 F. App'x 74, 76 (2d Cir. 2012) (finding a district attorney's office is "not an entity capable of being sued") (citing *Ying Jing Gan v. City of New York*, 996 F.2d 522, 535–36 (2d Cir. 1993)); *Haddock v. Nassau D.A.'s Off.*, No. 22-CV-616, 2023 WL 3231489, at *2 (E.D.N.Y. May 3, 2023); *Harvey v. Queens Cnty. D.A.,* No. 18-CV-5373, 2020 WL 837357, at *1–3 (E.D.N.Y. Feb. 20, 2020) (Queens County District Attorney's Office not a suable entity).

Moreover, prosecutors are entitled to absolute immunity for their acts that are intimately associated with the judicial phase of the criminal process and their role as advocates. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) ("[P]rosecutorial actions that are intimately associated with the judicial phase of the criminal process ... are absolutely immune from liability in § 1983 lawsuits."); *Ogunkoya v. Monaghan*, 913 F.3d 64, 69 (2d Cir. 2019) ("Absolute immunity bars § 1983 suits against prosecutors for their role 'in initiating a prosecution and in presenting the State's case.'") (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Accordingly, Plaintiff's claim against the Queens County District Attorney's Office is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

      B.      **Plaintiff's Claim Against the Queens County Criminal and Family Courts**

Plaintiff's claims against the Queens County Criminal and Family Courts must be dismissed as barred by sovereign immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity...." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the state's immunity in enacting § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Because the

Queens County Criminal and Family Courts are part of the New York State Unified Court System, the Eleventh Amendment bars Plaintiff's claims against the state court from proceeding in federal court. *See Gollomp*, 568 F.3d at 368 (holding that the New York State Unified Court System "is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity."); *Gonzalez v. Dobbs Ferry Village*, No. 22-CV-7617, 2022 WL 7060528, at *3 (S.D.N.Y. Oct. 11, 2022) (dismissing claims against the Bronx Family Court); *Cass v. U.S. Dist. Ct., E. Dist. of New York*, No. 20-CV-6071, 2021 WL 1124540, at *5 (E.D.N.Y. Mar. 24, 2021) (dismissing claims against the United States District Court for the Eastern District of New York, the New York State Supreme Court, and the Appellate Division-Second Department); *Griffin v. Kings County D.A.'s Off.*, No. 20-CV-2387, 2020 WL 5211049, at *2 (E.D.N.Y. Aug. 31, 2020) (dismissing claims against Kings County Criminal Court). Therefore, Plaintiff's claims against the Queens County Criminal and Family Courts are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

    **C.**    **Plaintiff's Claim Against the City of New York-Queens County**

To hold a municipality liable under Section 1983, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional" or other federal right. *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)); *see also Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 257 (2d Cir. 2020); *Myftari v. Dept. of Fin.*, No. 23-CV-02558, 2023 WL 3628584, at *2 (E.D.N.Y. May 24, 2023). Plaintiff fails to allege any facts to support an inference that an official policy or custom of the City of New York caused a violation of any federally protected right. Thus, Plaintiff's claim against the City of New York is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

### 2. Leave to Amend

Liberally construed, Plaintiff may be seeking to assert a claim for false arrest and false imprisonment. Federal courts look to state law when considering federal civil rights claims for false arrest and false imprisonment. *See Guan v. City of New York*, 37 F.4th 797, 804 (2d Cir. 2022). Under New York law, there is no distinction between false arrest and false imprisonment. *See Rhodes v. United States*, 519 F. App'x 703, 705 (2d Cir. 2013); *Liranzo v. United States*, 690 F.3d 78, 91 n.13 (2d Cir. 2012); *Carter v. City of New York Dept. of Correction*, No. 23-CV-3763, 2023 WL 3867356, at *2 (E.D.N.Y. June 7, 2023). To establish a false arrest claim, a plaintiff must show that "(1) the defendant intended to confine [her], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007); *Borisova v. Friberg*, No. 18-CV-7440, 2023 WL 5045090, at *8 (E.D.N.Y. Aug. 8, 2023). Here, Plaintiff fails to assert any plausible facts supporting a potential false arrest or false imprisonment claim.

In light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days from the date of this Memorandum and Order to file an amended complaint alleging additional facts in support of her claims. *See Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000). Should Plaintiff elect to file an amended complaint, she is informed that the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Any amended complaint must identify her legal claim and set forth a short, plain statement of the relevant facts supporting it. The Plaintiff must name as the Defendants in the caption and in the "Statement of Claim" those individuals who were allegedly involved in the deprivation of her federal rights. For each Defendant named, Plaintiff

should include a brief description of what each Defendant did or failed to do, the date, including the year that the incident occurred, and how Defendant's acts or omissions caused Plaintiff injury.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and failure to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court grants the Plaintiff leave to file an amended complaint within 30 days. It must be captioned "Amended Complaint." All further proceedings are stayed for 30 days. If Plaintiff does not file an amended complaint within 30 days, judgment shall be entered.

The Clerk of Court is respectfully directed to redact Plaintiff's social security number from the exhibits attached to the complaint.

The Clerk of Court is respectfully directed to mail a copy of the Memorandum and Order to the Plaintiff and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED

                                                                             /s/
                                              **ORELIA E. MERCHANT**
                                              United States District Judge

Dated: November 17, 2023
      Brooklyn, New York