UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MS. SABRINA BELINDA REID, a.k.a.
MRS. KWUHNXWA AMLA BENESI-GRIFFIN,

                    Plaintiff,                    **MEMORANDUM AND ORDER**
                                                                         23-CV-07631 (OEM) (MMH)

                -against-

LIEUTENANT CHURCH and STAFF; GABRIELLE
GETZ, Criminal Attorney; MR. MOHAMMED, Family
Court Lawyer; JUDGE VOLLIO, Criminal Court Night
Judge; JUDGE DUNN, Criminal Court Night Judge;
JUDGE KORNORA WALKER, Family Court Judge;
JUDGE ELIZABETH FARRERS, Family Court Judge;
MR. BRAD LANDER, Comptroller of NYC; MRS.
MELINDA KATZ, Queens D.A. of NYC,

                    Defendants.
-----------------------------------------------------------------x

**ORELIA E. MERCHANT, United States District Judge:**

       Plaintiff KwUhnxwa Amla Benesi-Griffin ("Plaintiff"), also known as Sabrina Belinda Reid, brings the instant pro se action pursuant to 42 U.S.C. § 1983. Plaintiff filed her initial complaint on October 6, 2023. Complaint, ECF 1. By memorandum and order dated November 17, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). November 17, 2023 Order, ECF 4. The Court further dismissed the action for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. *Id*. Plaintiff was, however, granted thirty days' leave to submit an amended complaint. *Id*. On December 15, 2023, Plaintiff filed an amended complaint. Amended Complaint, ECF 5 ("Am. Compl."). For the reasons stated below, Plaintiff's amended complaint is dismissed with prejudice.

**BACKGROUND**

As was the case with her initial complaint, the thrust of Plaintiff's amended complaint is difficult to discern. Plaintiff states that an "EMT Driver Mr. Dove 2x put me in Hospital!" Am. Compl. at 4. Plaintiff appears to allege that she was taken to the hospital on April 21, 2017, when her "grandmother was murdered," and on July 3, 2022, when Plaintiff "was sleeping, Sunday 8:30 am." *Id*. Plaintiff does not state any facts against the named Defendants, and in lieu of articulating a statement of her claim or her relief sought, she writes "See attachments please." *Id*. at 5-6.

As attachments to her complaint, Plaintiff filed more than 200 pages of images, emails, photographs, and other documents. *See generally* Exhibits to Am. Compl., ECF 6. As Plaintiff was warned in this Court's November 17, 2023 Order, this strategy does not comport with Fed. R. Civ. Pro. Rule 8(d)(1)'s requirement that "Each allegation must be simple, concise, and direct." *See Grant v. Glen Cove P.D.*, 18-cv-3094 at *2 n.1 (E.D.N.Y. Oct. 11, 2018) ("[I]t is improper to attach exhibits to the Complaint and to simply refer the Court to such exhibits to discern the claims Plaintiff seeks to pursue."); *see also* November 17, 2023 Order. Nevertheless, the Court has attempted to make out Plaintiff's claims and interpret her allegations in the light most favorable to Plaintiff.

**STANDARD OF REVIEW**

28 U.S.C. § 1915 allows a litigant to pursue a claim in federal court "without prepayment of fees or security" so long as they "submit[] an affidavit" that establishes "that the person is unable to pay such fees." 28 U.S.C. § 1915(a).[1] However, in exchange for the privilege of maintaining an action without payment and to avoid abuse of the judicial system, § 1915(e) provides a

---

[1] 28 U.S.C. § 1915 also contains additional requirements and provisions for incarcerated litigants seeking *in forma pauperis* status which do not apply here. *See, e.g.*, *id*. at (a)(2), (b); § 1915A.

2

mechanism for the Court to initially review the complaint prior to the issuance of a summons and the commencement of the adversarial process. *See Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam) ("[W]e are not unmindful of the mounting concern over the ever-increasing caseload burdening the federal courts, and the growing view that judges must be alert to prevent the dissipation of limited judicial resources on claims that are frivolous or are brought in bad faith.").

With Plaintiff's motion to proceed IFP already granted in the Court's November 17, 2023 Order, the Court's remaining duty at this stage is to review Plaintiff's amended complaint on the merits. *See id*. ("The statutory scheme recognizes, however, that whether a plaintiff qualifies for *in forma pauperis* status and whether his claims have merit present two distinct issues.").

At the initial review of the complaint, a district court "shall" dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In practice, "[t]he standard for dismissal of an action or appeal taken in forma pauperis is identical to the standard for dismissal on a motion made pursuant to Fed. R. Civ. P. 12(b)(6)." *Fridman*, 195 F. Supp. 2d at 538. That is, the complaint must survive the *Iqbal-Twombly* pleading standard and "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyer."). Nonetheless, a pro se plaintiff must "still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005).

## DISCUSSION

Plaintiff asserts that the Court has federal question jurisdiction under 28 U.S.C. § 1331, and identifies several purported bases for her claims, including "NYC – 'Full Due Process!'" and "1964 Title VII of the Civil Rights Act." Am. Compl. at 5. The Court liberally construes Plaintiff's amended complaint as attempting to state a claim under 42 U.S.C. § 1983, which provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

Plaintiff names as defendants state Criminal Court judges and Family Court judges,[2] legal-aid attorneys,[3] Comptroller Brad Lander, Queens District Attorney Melinda Katz,[4] and a police lieutenant (collectively, "Defendants").  "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show ... the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).  To establish personal involvement, Plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676); *Hall v. Suffolk Cnty.*, No. 23-CV-4606, 2023 WL 4747395, at *3 (E.D.N.Y. July 25, 2023).  A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights.  *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory

---

[2] Generally, a judge is immune from suit for monetary damages. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages."); *see also Davis v. Gillespie*, No. 22-CV-6207, 2023 WL 5002553, at *5 (E.D.N.Y. Aug. 4, 2023).

[3] The Legal Aid Society and its employees are not state actors and do not act under the color of state law when defending clients for whom they are appointed. *Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000); *Caroselli v. Curci*, 371 F. App'x 199, 201 (2d Cir. 2010) (summary order) (noting that the New York State Legal Aid Society was not a state actor amenable to suit under Section 1983); *Garcia v. City of New York*, No. 22-CV-5086, 2022 WL 11213554, at *3 (E.D.N.Y. Oct. 19, 2022).

[4] Prosecutors are immune from civil suit for damages in their individual capacities for acts committed within the scope of their official duties where the challenged activities are not investigative in nature, but rather are "intimately associated with the judicial phase of the criminal process." *Anilao v. Spota*, 27 F.4th 855, 864 (2d Cir. 2022); *see Ogunkoya v. Monaghan*, 913 F.3d 64, 69 (2d Cir. 2019) ("Absolute immunity bars § 1983 suits against prosecutors for their role in initiating a prosecution and in presenting the State's case.").

of respondeat superior."); *Fredricks v. Renze*, No. 22-CV-7274, 2023 WL 1869042, at *3 (S.D.N.Y. Feb. 6, 2023).

Plaintiff fails to allege any facts suggesting that any Defendants violated the United States Constitution or any federal laws. She also fails to allege any facts to show how each named Defendant was personally involved in any alleged violation. Plaintiff simply lists the Defendants in the caption and in a summary list of Defendants in the complaint; their names do not appear in any of Plaintiff's allegations, nor is their relevance to this suit made clear in Plaintiff's exhibits. A § 1983 claim that does not allege the defendant's personal involvement fails as a matter of law. *See Delee v. Hannigan*, 729 F. App'x 25, 31 (2d Cir. 2018) ("The amended complaint makes no allegation as to the involvement of [defendants] other than the titles of their employment," thus, there are "no well-pled allegation against any of these [defendants]."); *Ward v. City of NY Mayor*, No. 23-CV-5237, 2023 WL 5179630, at *2 (E.D.N.Y. Aug. 11, 2023); *Terry v. N.Y. City Dep't of Corr.*, No. 10-Civ.-6197, 2012 WL 718555, at *2 (S.D.N.Y. Mar. 6, 2012) ("Where a plaintiff does not allege how a particular defendant was personally involved in any of the actions or inactions that led to the alleged deprivations of the plaintiff's constitutional or federal rights, dismissal as to that defendant is appropriate."); *Townsend v. New York*, No. 14-CV-6079, 2015 WL 4692604, at *5 (E.D.N.Y. Aug. 5, 2015) (dismissing plaintiff's complaint as to certain defendants because plaintiff "does not allege their personal involvement in any actions taken against him," and "merely lists them as defendants").

Here, Plaintiff does not allege any plausible facts to demonstrate that the Defendants were personally involved in violating of any federally protected or constitutional right. This alone is sufficient reason to dismiss the claim against Defendants. In addition, Plaintiff has failed to plead

any facts to show that a constitutional or federal right was violated. Therefore, she fails to state a viable § 1983 claim. Accordingly, Plaintiff's claims are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Plaintiff's amended complaint is dismissed with prejudice for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

The Clerk of Court is respectfully directed to enter judgment dismissing the action, mail a copy of the Memorandum and Order to the Plaintiff, and note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

    /s/_____
ORELIA E. MERCHANT
United States District Judge

Dated:  January 11, 2024
        Brooklyn, New York

7